1  MARC J. WINTHROP – State Bar No. 63218
   mwinthrop@winthropcouchot.com
2  CHARLES LIU – State Bar No. 190513
   cliu@winthropcouchot.com
3  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
4  660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
5
   Telephone:  (949) 720-4100
6  Facsimile:   (949) 720-4111
7  General Insolvency Counsel for
   Debtor and Debtor-in-Possession
8
9
10              **UNITED STATES BANKRUPTCY COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12                   **RIVERSIDE DIVISION**
13

| | |
|---|---|
| In re: | Case No. 6:08-24324 TD |
| MODTECH HOLDINGS, INC., a Delaware corporation, | Adv No. 6:09-ap-01109-TD |
| | Chapter 11 Proceeding |
| | **MODTECH HOLDING INC.'S ANSWER TO FIRST AMENDED COMPLAINT TO INTERPLEAD PENAL SUM OF MODTECH HOLDINGS, INC.'S CONTRACTOR'S LICENSE BOND** |
| Debtor and Debtor-in-Possession. | |
| LIBERTY MUTUAL INSURANCE COMPANY, INC., a Massachusetts corporation, | **Status Conference** |
| Plaintiff, | DATE:        February 11, 2010 |
| vs. | TIME:        11:00 a.m. |
| MODTECH HOLDINGS, INC., et al., | PLACE:      Courtroom 303 |
| Defendants. | |

Modtech Holdings, Inc. ("Modtech") admits, denies and alleges in response to the First

Amended Complaint to Interplead Penal Sum of Modtech Holding, Inc.'s Contractor License Bond

filed by Liberty Mutual Insurance Company, Inc. ("Plaintiff"), as follows:

MAINDOCS-#138955-v1-Modtech_-_Answer_amended_interpleader.DOC

**I**

**JURISDICTION AND VENUE**

1.  Modtech admits the allegations set forth in paragraph 1 of the Complaint.

2.  Modtech admits the allegations set forth in paragraph 2 of the Complaint.

3.  Modtech admits the allegations set forth in paragraph 3 of the Complaint.

4.  Modtech admits the allegations set forth in paragraph 3 of the Complaint.

**II**

**GENERAL ALLEGATIONS**

5.  Modtech lacks sufficient information to admit or deny the allegations of paragraph 5, and based thereon denies the allegation in paragraph 5 of the Complaint.

6.  Modtech admits the allegations set forth in paragraph 6 of the Complaint.

7.  Modtech lacks sufficient information to admit or deny the allegations of paragraph 7, and based thereon denies the allegation in paragraph 7 of the Complaint.

8.  Modtech lacks sufficient information to admit or deny the allegations of paragraph 8, and based thereon denies the allegation in paragraph 8 of the Complaint.

9.  Modtech lacks sufficient information to admit or deny the allegations of paragraph 9, and based thereon denies the allegation in paragraph 9 of the Complaint.

10. Modtech lacks sufficient information to admit or deny the allegations of paragraph 10, and based thereon denies the allegation in paragraph 10 of the Complaint.

11. Modtech lacks sufficient information to admit or deny the allegations of paragraph 11, and based thereon denies the allegation in paragraph 11 of the Complaint.

12. Modtech lacks sufficient information to admit or deny the allegations of paragraph 12, and based thereon denies the allegation in paragraph 12 of the Complaint.

13. Modtech lacks sufficient information to admit or deny the allegations of paragraph 13, and based thereon denies the allegation in paragraph 13 of the Complaint.

14. Modtech lacks sufficient information to admit or deny the allegations of paragraph 14, and based thereon denies the allegation in paragraph 14 of the Complaint.

1          15. Modtech lacks sufficient information to admit or deny the allegations of paragraph 15,

2 and based thereon denies the allegation in paragraph 15 of the Complaint.

3          16. Modtech lacks sufficient information to admit or deny the allegations of paragraph 16,

4 and based thereon denies the allegation in paragraph 16 of the Complaint.

5          17. Modtech lacks sufficient information to admit or deny the allegations of paragraph 17,

6 and based thereon denies the allegation in paragraph 17 of the Complaint.

7          18. Modtech lacks sufficient information to admit or deny the allegations of paragraph 18,

8 and based thereon denies the allegation in paragraph 18 of the Complaint.

9          19. Modtech lacks sufficient information to admit or deny the allegations of paragraph 19,

10 and based thereon denies the allegation in paragraph 19 of the Complaint.

11          20. Modtech admits the allegations set forth in paragraph 18 of the Complaint.

12          21. Modtech lacks sufficient information to admit or deny the allegations of paragraph 21,

13 and based thereon denies the allegation in paragraph 21 of the Complaint.

14 **III**

15 **<u>FIRST CAUSE OF ACTION</u>**

16         22. In response to paragraph 22 of the Complaint, Modtech repeats and incorporates by

17 reference its admissions, denials and allegations to the preceding paragraphs of the Complaint as

18 though set forth in full herein.

19         23.      Modtech admits the allegations in paragraph 23 of the Complaint.

20         24.      Modtech admits the allegations in paragraph 24 of the Complaint.

21         25.      Modtech admits the allegations in paragraph 25 of the Complaint.

22         26.      Modtech lacks sufficient information to admit or deny the allegations of paragraph

23 24, and based thereon denies the allegation in paragraph 26 of the Complaint.

24         27.      Modtech lacks sufficient information to admit or deny the allegations of paragraph

25 25, and based thereon denies the allegation in paragraph 27 of the Complaint.

26         28.      Modtech lacks sufficient information to admit or deny the allegations of paragraph

27 26, and based thereon denies the allegation in paragraph 28 of the Complaint.

28

1        29.     Modtech lacks sufficient information to admit or deny the allegations of paragraph

2    29, and based thereon denies the allegation in paragraph 29 of the Complaint.

3        30.     In response to Paragraph 30 of the Complaint, Modtech refers all questions of law

4    to the Court and otherwise denies having knowledge or information sufficient to form a belief as to

5    the truth of the allegations herein.

6        31.     In response to Paragraph 31 of the Complaint, Modtech refers all questions of law

7    to the Court and otherwise denies having knowledge or information sufficient to form a belief as to

8    the truth of the allegations herein.

9        32.     Modtech lacks sufficient information to admit or deny the allegations of paragraph

10    30, and based thereon denies the allegation in paragraph 32 of the Complaint.

11        33.     In response to Paragraph 33 of the Complaint, Modtech refers all questions of law

12    to the Court and otherwise denies having knowledge or information sufficient to form a belief as to

13    the truth of the allegations herein.

14        34.     Modtech lacks sufficient information to admit or deny the allegations of paragraph

15    31, and based thereon denies the allegation in paragraph 34 of the Complaint.

16                                          **AFFIRMATIVE DEFENSES**

17        Modtech presently has insufficient knowledge of information upon which to form a belief as

18    to whether affirmative defenses exist.  Modtech reserves the right to assert additional affirmative

19    defenses as appropriate.

20    Dated:  January 21, 2010                    **WINTHROP COUCHOT**

                                                **PROFESSIONAL CORPORATION**

21

22                                  By:  /s/ Charles Liu

23                                      Marc J. Winthrop

                                      Charles Liu

24                                  Counsel for Modtech

25

26

27

28

4

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described **MODTECH HOLDING INC.'S ANSWER TO FIRST AMENDED COMPLAINT TO INTERPLEAD PENAL SUM OF MODTECH HOLDINGS, INC.'S CONTRACTOR'S LICENSE BOND** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 21, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- i   Jennifer Leland    jleland@pwkllp.com
- i   Charles Liu    cliu@winthropcouchot.com
- i   Lawrence Peitzman    lpeitzman@pwkllp.com  - **Plaintiff's counsel**
- i   United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- i   Scott Williams    swilliams@manierherod.com, mfranks@manierherod.com;tpennington@manierherod.com  **Plaintiff's Counsel**
- i   Marc J Winthrop    pj@winthropcouchot.com

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 21, 2010 | Viann Corbin | /s/ *Viann Corbin* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

5